# Conform Copy

1  Lloyd Winawer (State Bar No. 157823)
   *lwinawer@goodwinprocter.com*
2  Teodora E. Manolova (State Bar No. 233333)
   *tmanolova@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
4  Los Angeles, California  90017
   Telephone:  213-426-2500
5  Facsimile:  213-623-1673

6  Brian C. Devine (State Bar No. 222240)
   *bdevine@goodwinprocter.com*
7  **GOODWIN PROCTER LLP**
   53 State Street
8  Boston, Massachusetts  02109
   Telephone:  617-570-1000
9  Facsimile:  617-523-1231

10 Attorneys for Defendants
   *Countrywide Financial Corporation, Countrywide*
11 *Home Loans, Inc., CWALT, Inc., CWMBS, Inc.,*
   *CWABS, Inc., CWHEQ, Inc., Countrywide Capital*
12 *Markets, and Countrywide Securities Corporation*

13

## UNITED STATES DISTRICT COURT

14

## CENTRAL DISTRICT OF CALIFORNIA

15

16  DAVID H. LUTHER; VERMONT PENSION
    INVESTMENT COMMITTEE;
17  MASHREQBANK, P.S.C.; PENSION
    TRUST FUND FOR OPERATING
18  ENGINEERS; OPERATING ENGINEERS
    ANNUITY PLAN; WASHINGTON STATE
19  PLUMBING & PIPEFITTING PENSION
    TRUST; and MAINE STATE RETIREMENT
20  SYSTEM, Individually and On Behalf of All
    Others Similarly Situated,
21
22          Plaintiffs,
23  vs.
24  COUNTRYWIDE FINANCIAL
    CORPORATION, a Delaware corporation;
25  COUNTRYWIDE HOME LOANS, INC.;
    CWALT, INC., a Delaware corporation;
    CWMBS, INC., a Delaware corporation;
26  CWABS, INC., a Delaware corporation;
    CWHEQ, INC., a Delaware corporation;
27  COUNTRYWIDE CAPITAL MARKETS;
    COUNTRYWIDE SECURITIES
28  CORPORATION;
    [Caption continued on following page.]

Case No. **CV 12 - 5125** RSWC (AJCx)

**COUNTRYWIDE DEFENDANTS' NOTICE OF REMOVAL**

[Removed from Los Angeles Superior Court, Case No. BC380698]

BY _____

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2012 JUN 12  PM 4: 11

FILED

| | |
|---|---|
| 1 | J.P. MORGAN SECURITIES INC.; |
| | DEUTSCHE BANK SECURITIES INC.; |
| 2 | BEAR, STEARNS & CO. INC.; |
| | BANC OF AMERICA SECURITIES LLC; |
| 3 | UBS SECURITIES, LLC; |
| | MORGAN STANLEY & CO. |
| 4 | INCORPORATED; |
| | EDWARD D. JONES & CO., L.P.; |
| 5 | CITIGROUP GLOBAL MARKETS INC.; |
| | GOLDMAN, SACHS & CO.; |
| 6 | CREDIT SUISSE SECURITIES (USA) LLC; |
| | GREENWICH CAPITAL MARKETS, INC. |
| 7 | A.K.A. RBS GREENWICH CAPITAL; |
| | BARCLAYS CAPITAL INC.; |
| 8 | HSBC SECURITIES (USA); |
| | BNP PARIBAS SECURITIES CORP.; |
| 9 | MERRILL LYNCH, PIERCE, FENNER & |
| | SMITH, INCORPORATED; |
| 10 | STANFORD L. KURLAND; |
| | DAVID A. SPECTOR; |
| 11 | ERIC P. SIERACKI; |
| | N. JOSHUA ADLER; |
| 12 | RANJIT KRIPALANI; |
| | JENNIFER S. SANDEFUR; |
| 13 | DAVID A. SAMBOL; |
| | THOMAS KEITH MCLAUGHLIN; |
| 14 | THOMAS H. BOONE; |
| | JEFFREY P. GROGIN; |
| 15 | ALTERNATIVE LOAN TRUST 2005-27; |
| | ALTERNATIVE LOAN TRUST 2005-28CB; |
| 16 | ALTERNATIVE LOAN TRUST 2005-30CB; |
| | ALTERNATIVE LOAN TRUST 2005-31; |
| 17 | ALTERNATIVE LOAN TRUST 2005-32T1; |
| | ALTERNATIVE LOAN TRUST 2005-33CB; |
| 18 | ALTERNATIVE LOAN TRUST 2005-34CB; |
| | ALTERNATIVE LOAN TRUST 2005-35CB; |
| 19 | ALTERNATIVE LOAN TRUST 2005-36; |
| | ALTERNATIVE LOAN TRUST 2005-37T1; |
| 20 | ALTERNATIVE LOAN TRUST 2005-38; |
| | ALTERNATIVE LOAN TRUST 2005-40CB; |
| 21 | ALTERNATIVE LOAN TRUST 2005-41; |
| | ALTERNATIVE LOAN TRUST 2005-42CB; |
| 22 | ALTERNATIVE LOAN TRUST 2005-43; |
| | ALTERNATIVE LOAN TRUST 2005-44; |
| 23 | ALTERNATIVE LOAN TRUST 2005-45; |
| | ALTERNATIVE LOAN TRUST 2005-46CB; |
| 24 | ALTERNATIVE LOAN TRUST 2005-47CB; |
| | ALTERNATIVE LOAN TRUST 2005-48T1; |
| 25 | ALTERNATIVE LOAN TRUST 2005-49CB; |
| | ALTERNATIVE LOAN TRUST 2005-50CB; |
| 26 | ALTERNATIVE LOAN TRUST 2005-51; |
| | ALTERNATIVE LOAN TRUST 2005-52CB; |
| 27 | ALTERNATIVE LOAN TRUST 2005-53T2; |
| | ALTERNATIVE LOAN TRUST 2005-54CB; |
| 28 | ALTERNATIVE LOAN TRUST 2005-55CB; |
| | [Caption continued on following page.] |

1   ALTERNATIVE LOAN TRUST 2005-56;
    ALTERNATIVE LOAN TRUST 2005-57CB;
2   ALTERNATIVE LOAN TRUST 2005-58;
    ALTERNATIVE LOAN TRUST 2005-59;
3   ALTERNATIVE LOAN TRUST 2005-60T1;
    ALTERNATIVE LOAN TRUST 2005-61;
4   ALTERNATIVE LOAN TRUST 2005-62;
    ALTERNATIVE LOAN TRUST 2005-63;
5   ALTERNATIVE LOAN TRUST 2005-64CB;
    ALTERNATIVE LOAN TRUST 2005-65CB;
6   ALTERNATIVE LOAN TRUST 2005-67CB;
    ALTERNATIVE LOAN TRUST 2005-70CB;
7   ALTERNATIVE LOAN TRUST 2005-71;
    ALTERNATIVE LOAN TRUST 2005-72;
8   ALTERNATIVE LOAN TRUST 2005-73CB;
    ALTERNATIVE LOAN TRUST 2005-74T1;
9   ALTERNATIVE LOAN TRUST 2005-75CB;
    ALTERNATIVE LOAN TRUST 2005-76;
10  ALTERNATIVE LOAN TRUST 2005-77T1;
    ALTERNATIVE LOAN TRUST 2005-79CB;
11  ALTERNATIVE LOAN TRUST 2005-80CB;
    ALTERNATIVE LOAN TRUST 2005-81;
12  ALTERNATIVE LOAN TRUST 2005-82;
    ALTERNATIVE LOAN TRUST 2005-83CB;
13  ALTERNATIVE LOAN TRUST 2005-84;
    ALTERNATIVE LOAN TRUST 2005-86CB;
14  ALTERNATIVE LOAN TRUST 2005-AR1;
    ALTERNATIVE LOAN TRUST 2005-IM1;
15  ALTERNATIVE LOAN TRUST 2005-J10;
    ALTERNATIVE LOAN TRUST 2005-J11;
16  ALTERNATIVE LOAN TRUST 2005-J12;
    ALTERNATIVE LOAN TRUST 2005-J13;
17  ALTERNATIVE LOAN TRUST 2005-J14;
    ALTERNATIVE LOAN TRUST 2005-J7;
18  ALTERNATIVE LOAN TRUST 2005-J8;
    ALTERNATIVE LOAN TRUST 2005-J9;
19  ALTERNATIVE LOAN TRUST 2006-11CB;
    ALTERNATIVE LOAN TRUST 2006-12CB;
20  ALTERNATIVE LOAN TRUST 2006-13T1;
    ALTERNATIVE LOAN TRUST 2006-14CB;
21  ALTERNATIVE LOAN TRUST 2006-15CB;
    ALTERNATIVE LOAN TRUST 2006-16CB;
22  ALTERNATIVE LOAN TRUST 2006-17T1;
    ALTERNATIVE LOAN TRUST 2006-18CB;
23  ALTERNATIVE LOAN TRUST 2006-19CB;
    ALTERNATIVE LOAN TRUST 2006-20CB;
24  ALTERNATIVE LOAN TRUST 2006-21CB;
    ALTERNATIVE LOAN TRUST 2006-23CB;
25  ALTERNATIVE LOAN TRUST 2006-24CB;
    ALTERNATIVE LOAN TRUST 2006-25CB;
26  ALTERNATIVE LOAN TRUST 2006-26CB;
    ALTERNATIVE LOAN TRUST 2006-27CB;
27  ALTERNATIVE LOAN TRUST 2006-28CB;
    ALTERNATIVE LOAN TRUST 2006-29T1;
28  ALTERNATIVE LOAN TRUST 2006-2CB;
    [Caption continued on following page.]

ALTERNATIVE LOAN TRUST 2006-30T1;
ALTERNATIVE LOAN TRUST 2006-31CB;
ALTERNATIVE LOAN TRUST 2006-32CB;
ALTERNATIVE LOAN TRUST 2006-33CB;
ALTERNATIVE LOAN TRUST 2006-34;
ALTERNATIVE LOAN TRUST 2006-35CB;
ALTERNATIVE LOAN TRUST 2006-36T2;
ALTERNATIVE LOAN TRUST 2006-37R;
ALTERNATIVE LOAN TRUST 2006-39CB;
ALTERNATIVE LOAN TRUST 2006-40T1;
ALTERNATIVE LOAN TRUST 2006-41CB;
ALTERNATIVE LOAN TRUST 2006-42;
ALTERNATIVE LOAN TRUST 2006-43CB;
ALTERNATIVE LOAN TRUST 2006-45T1;
ALTERNATIVE LOAN TRUST 2006-46;
ALTERNATIVE LOAN TRUST 2006-4CB;
ALTERNATIVE LOAN TRUST 2006-5T2;
ALTERNATIVE LOAN TRUST 2006-69;
ALTERNATIVE LOAN TRUST 2006-6CB;
ALTERNATIVE LOAN TRUST 2006-7CB;
ALTERNATIVE LOAN TRUST 2006-8T1;
ALTERNATIVE LOAN TRUST 2006-9T1;
ALTERNATIVE LOAN TRUST 2006-HY10;
ALTERNATIVE LOAN TRUST 2006-HY11;
ALTERNATIVE LOAN TRUST 2006-HY12;
ALTERNATIVE LOAN TRUST 2006-HY13;
ALTERNATIVE LOAN TRUST 2006-HY3;
ALTERNATIVE LOAN TRUST 2006-J1;
ALTERNATIVE LOAN TRUST 2006-J2;
ALTERNATIVE LOAN TRUST 2006-J3;
ALTERNATIVE LOAN TRUST 2006-J4;
ALTERNATIVE LOAN TRUST 2006-J5;
ALTERNATIVE LOAN TRUST 2006-J6;
ALTERNATIVE LOAN TRUST 2006-J7;
ALTERNATIVE LOAN TRUST 2006-J8;
ALTERNATIVE LOAN TRUST 2006-OA1;
ALTERNATIVE LOAN TRUST 2006-OA10;
ALTERNATIVE LOAN TRUST 2006-OA11;
ALTERNATIVE LOAN TRUST 2006-OA12;
ALTERNATIVE LOAN TRUST 2006-OA14;
ALTERNATIVE LOAN TRUST 2006-OA16;
ALTERNATIVE LOAN TRUST 2006-OA17;
ALTERNATIVE LOAN TRUST 2006-OA18;
ALTERNATIVE LOAN TRUST 2006-OA19;
ALTERNATIVE LOAN TRUST 2006-OA2;
ALTERNATIVE LOAN TRUST 2006-OA21;
ALTERNATIVE LOAN TRUST 2006-OA22;
ALTERNATIVE LOAN TRUST 2006-OA3;
ALTERNATIVE LOAN TRUST 2006-OA6;
ALTERNATIVE LOAN TRUST 2006-OA7;
ALTERNATIVE LOAN TRUST 2006-OA8;
ALTERNATIVE LOAN TRUST 2006-OA9;
ALTERNATIVE LOAN TRUST 2006-OC1;
ALTERNATIVE LOAN TRUST 2006-OC10;
ALTERNATIVE LOAN TRUST 2006-OC11;
[Caption continued on following page.]

ALTERNATIVE LOAN TRUST 2006-OC2;
ALTERNATIVE LOAN TRUST 2006-OC3;
ALTERNATIVE LOAN TRUST 2006-OC4;
ALTERNATIVE LOAN TRUST 2006-OC5;
ALTERNATIVE LOAN TRUST 2006-OC6;
ALTERNATIVE LOAN TRUST 2006-OC7;
ALTERNATIVE LOAN TRUST 2006-OC8;
ALTERNATIVE LOAN TRUST 2006-OC9;
ALTERNATIVE LOAN TRUST 2007-10CB;
ALTERNATIVE LOAN TRUST 2007-11T1;
ALTERNATIVE LOAN TRUST 2007-12T1;
ALTERNATIVE LOAN TRUST 2007-13;
ALTERNATIVE LOAN TRUST 2007-14T2;
ALTERNATIVE LOAN TRUST 2007-15CB;
ALTERNATIVE LOAN TRUST 2007-16CB;
ALTERNATIVE LOAN TRUST 2007-17CB;
ALTERNATIVE LOAN TRUST 2007-18CB;
ALTERNATIVE LOAN TRUST 2007-19;
ALTERNATIVE LOAN TRUST 2007-1T1;
ALTERNATIVE LOAN TRUST 2007-20;
ALTERNATIVE LOAN TRUST 2007-21CB;
ALTERNATIVE LOAN TRUST 2007-22;
ALTERNATIVE LOAN TRUST 2007-23CB;
ALTERNATIVE LOAN TRUST 2007-24;
ALTERNATIVE LOAN TRUST 2006-25;
ALTERNATIVE LOAN TRUST 2007-2CB;
ALTERNATIVE LOAN TRUST 2007-3T1;
ALTERNATIVE LOAN TRUST 2007-4CB;
ALTERNATIVE LOAN TRUST 2007-5CB;
ALTERNATIVE LOAN TRUST 2007-6;
ALTERNATIVE LOAN TRUST 2007-7T2;
ALTERNATIVE LOAN TRUST 2007-8CB;
ALTERNATIVE LOAN TRUST 2007-9T1;
ALTERNATIVE LOAN TRUST 2007-AL1;
ALTERNATIVE LOAN TRUST 2007-HY2;
ALTERNATIVE LOAN TRUST 2007-HY3;
ALTERNATIVE LOAN TRUST 2007-HY4;
ALTERNATIVE LOAN TRUST 2007-HY5R;
ALTERNATIVE LOAN TRUST 2007-HY6;
ALTERNATIVE LOAN TRUST 2007-HY7C;
ALTERNATIVE LOAN TRUST 2007-HY8C;
ALTERNATIVE LOAN TRUST 2007-HY9;
ALTERNATIVE LOAN TRUST 2007-J1;
ALTERNATIVE LOAN TRUST 2007-J2;
ALTERNATIVE LOAN TRUST 2007-OA10;
ALTERNATIVE LOAN TRUST 2007-OA11;
ALTERNATIVE LOAN TRUST 2007-OA2;
ALTERNATIVE LOAN TRUST 2007-OA3;
ALTERNATIVE LOAN TRUST 2007-OA4;
ALTERNATIVE LOAN TRUST 2007-OA6;
ALTERNATIVE LOAN TRUST 2007-OA7;
ALTERNATIVE LOAN TRUST 2007-OA8;
ALTERNATIVE LOAN TRUST 2007-OA9;
ALTERNATIVE LOAN TRUST 2007-OH1;
ALTERNATIVE LOAN TRUST 2007-OH2;
[Caption continued on following page.]

1  ALTERNATIVE LOAN TRUST 2007-OH3;
   ALTERNATIVE LOAN TRUST
2  RESECURITIZATION 2006-22R;
   ALTERNATIVE LOAN TRUST
3  RESECURITIZATION 2007-26R;
   ALTERNATIVE LOAN TRUST-2005-85CB;
4  ALTERNATIVE LOAN TRUST 2005-J1;
   ALTERNATIVE LOAN TRUST 2005-J3;
5  ALTERNATIVE LOAN TRUST 2005-J4;
   ALTERNATIVE LOAN TRUST 2005-J5;
6  ALTERNATIVE LOAN TRUST 2005-J6;
   ALTERNATIVE LOAN TRUST 2005-1CB;
7  ALTERNATIVE LOAN TRUST 2005-2;
   ALTERNATIVE LOAN TRUST 2005-3CB;
8  ALTERNATIVE LOAN TRUST 2005-4;
   ALTERNATIVE LOAN TRUST 2005-6CB;
9  ALTERNATIVE LOAN TRUST 2005-7CB;
   ALTERNATIVE LOAN TRUST 2005-9CB;
10 ALTERNATIVE LOAN TRUST 2005-10CB;
   ALTERNATIVE LOAN TRUST 2005-11CB;
11 ALTERNATIVE LOAN TRUST 2005-13CB;
   ALTERNATIVE LOAN TRUST 2005-14;
12 ALTERNATIVE LOAN TRUST 2005-16;
   ALTERNATIVE LOAN TRUST 2005-17;
13 ALTERNATIVE LOAN TRUST 2005-18CB;
   ALTERNATIVE LOAN TRUST 2005-19CB;
14 ALTERNATIVE LOAN TRUST 2005-20CB;
   ALTERNATIVE LOAN TRUST 2005-21CB;
15 ALTERNATIVE LOAN TRUST 2005-22T1;
   ALTERNATIVE LOAN TRUST 2005-23CB;
16 ALTERNATIVE LOAN TRUST 2005-24;
   ALTERNATIVE LOAN TRUST 2005-25T1;
17 ALTERNATIVE LOAN TRUST 2005-26CB;
   ALTERNATIVE LOAN TRUST 2005-69;
18 ALTERNATIVE LOAN TRUST
   RESECURITIZATION 2005-5R;
19 ALTERNATIVE LOAN TRUST 2005-J2;
   ALTERNATIVE LOAN TRUST
20 RESECURITIZATION 2005-12R;
   ALTERNATIVE LOAN TRUST 2005-19CB;
21 ALTERNATIVE LOAN TRUST 2005-22T1;
   ALTERNATIVE LOAN TRUST 2005-29CB;
22 ALTERNATIVE LOAN TRUST 2007-25;
   CHL MORTGAGE PASS-THROUGH
23 TRUST 2005-15;
   CHL MORTGAGE PASS-THROUGH
24 TRUST 2005-16;
   CHL MORTGAGE PASS-THROUGH
25 TRUST 2005-17;
   CHL MORTGAGE PASS-THROUGH
26 TRUST 2005-18;
   CHL MORTGAGE PASS-THROUGH
27 TRUST 2005-19;
   CHL MORTGAGE PASS-THROUGH
28 TRUST 2005-20;
   [Caption continued on following page.]

1  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-21;
2  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-22;
3  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-23;
4  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-24;
5  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-25;
6  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-26;
7  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-27;
8  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-28;
9  CHL MORTGAGE PASS-THROUGH
   TRUST 2005-29;
10 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-30;
11 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-31;
12 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB10;
13 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB4;
14 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB5;
15 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB6;
16 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB7;
17 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-HYB8;
18 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-J2;
19 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-J3;
20 CHL MORTGAGE PASS-THROUGH
   TRUST 2005-J4;
21 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-1;
22 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-10;
23 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-11;
24 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-12;
25 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-13;
26 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-14;
27 CHL MORTGAGE PASS-THROUGH
   TRUST 2006-15;
28 [Caption continued on following page.]

1  CHL MORTGAGE PASS-THROUGH TRUST 2006-16;
2  CHL MORTGAGE PASS-THROUGH TRUST 2006-17;
3  CHL MORTGAGE PASS-THROUGH TRUST 2006-18;
4  CHL MORTGAGE PASS-THROUGH TRUST 2006-19;
5  CHL MORTGAGE PASS-THROUGH TRUST 2006-20;
6  CHL MORTGAGE PASS-THROUGH TRUST 2006-21;
7  CHL MORTGAGE PASS-THROUGH TRUST 2006-3;
8  CHL MORTGAGE PASS-THROUGH TRUST 2006-6;
9  CHL MORTGAGE PASS-THROUGH TRUST 2006-8;
10  CHL MORTGAGE PASS-THROUGH TRUST 2006-9;
11  CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB1;
12  CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB2;
13  CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB3;
14  CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB4;
15  CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB5;
16  CHL MORTGAGE PASS THROUGH TRUST 2006-J1;
17  CHL MORTGAGE PASS THROUGH TRUST 2006-J2;
18  CHL MORTGAGE PASS THROUGH TRUST 2006-J3;
19  CHL MORTGAGE PASS THROUGH TRUST 2006-J4;
20  CHL MORTGAGE PASS THROUGH TRUST 2006-OA4;
21  CHL MORTGAGE PASS THROUGH TRUST 2006-OA5;
22  CHL MORTGAGE PASS THROUGH TRUST 2006-TM1;
23  CHL MORTGAGE PASS THROUGH TRUST 2007-1;
24  CHL MORTGAGE PASS THROUGH TRUST 2007-10;
25  CHL MORTGAGE PASS THROUGH TRUST 2007-11;
26  CHL MORTGAGE PASS THROUGH TRUST 2007-12;
27  CHL MORTGAGE PASS THROUGH TRUST 2007-13;
28  [Caption continued on following page.]

1   CHL MORTGAGE PASS THROUGH
    TRUST 2007-14;
2   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-15;
3   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-16;
4   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-17;
5   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-18;
6   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-19;
7   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-2;
8   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-20;
9   CHL MORTGAGE PASS-THROUGH
    TRUST 2007-21;
10  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-3;
11  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-4;
12  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-5;
13  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-6;
14  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-7;
15  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-8;
16  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-9;
17  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY1;
18  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY3;
19  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY4;
20  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY5;
21  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY6;
22  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HY7;
23  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HYB1;
24  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-HYB2;
25  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-J1;
26  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-J2;
27  CHL MORTGAGE PASS-THROUGH
    TRUST 2007-J3;
28  [Caption continued on following page.]

1  CWABS ASSET-BACKED CERTIFICATE
   TRUST 2006-ABC1;
2  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-10;
3  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-11;
4  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-12;
5  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-13;
6  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-14;
7  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-15;
8  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-16;
9  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-17;
10 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-4;
11 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-5;
12 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-6;
13 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-7;
14 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-8;
15 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-9;
16 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-AB2;
17 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-AB3;
18 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-AB4;
19 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-AB5;
20 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-BC3;
21 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-BC4;
22 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-BC5;
23 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-HYB9;
24 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-IM1;
25 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-IM2;
26 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2005-IM3;
27 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-1;
28 [Caption continued on following page.]

1 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-10;

2 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-11;

3 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-12;

4 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-13;

5 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-14;

6 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-15;

7 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-16;

8 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-17;

9 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-18;

10 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-19;

11 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-2;

12 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-20;

13 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-21;

14 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-22;

15 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-23;

16 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-24;

17 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-25;

18 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-26;

19 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-3;

20 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-4;

21 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-5;

22 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-6;

23 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-7;

24 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-8;

25 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-9;

26 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-BC1;

27 | CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-BC2;

28 | [Caption continued on following page.]

1  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-BC3;
2  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-BC4;
3  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-BC5;
4  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-IM1;
5  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-SPS1;
6  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2006-SPS2;
7  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-1;
8  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-10;
9  CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-11;
10 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-12;
11 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-13;
12 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-2;
13 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-3;
14 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-4;
15 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-5;
16 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-6;
17 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-7;
18 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-8;
19 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-9;
20 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-BC1;
21 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-BC2;
22 CWABS ASSET-BACKED CERTIFICATES
   TRUST 2007-BC3;
23 CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S1;
24 CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S10;
25 CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S2;
26 CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S3;
27 CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S4;
28 [Caption continued on following page.]

1  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S5;
2  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S6;
3  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S7;
4  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S8;
5  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2006-S9;
6  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2007-S1;
7  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2007-S2;
8  CWHEQ HOME EQUITY LOAN TRUST,
   SERIES 2007-S3;
9  CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-C;
10 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-D;
11 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-E;
12 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-F;
13 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-G;
14 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-H;
15 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-I;
16 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-J;
17 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-K;
18 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-L;
19 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2005-M;
20 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-A;
21 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-B;
22 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-C;
23 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-D;
24 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-E;
25 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-F;
26 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-G;
27 CWHEQ REVOLVING HOME EQUITY
   LOAN TRUST, SERIES 2006-H;
28 [Caption continued on following page.]

CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2006-I;
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-A;
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-B;
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-C;
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-D;
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-E; and
CWHEQ REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-G,

                    Defendants.

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that Defendants Countrywide Financial Corporation,

4   Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWABS, Inc.,

5   CWHEQ, Inc., Countrywide Capital Markets, and Countrywide Securities Corporation

6   (together, the "Countrywide Defendants"),[1] hereby remove Case No. BC380698,

7   currently pending in the Superior Court of the State of California, County of Los

8   Angeles, and all claims and causes of action therein (the "Action"),[2] to the United

9   States District Court for the Central District of California.  As grounds for removal, the

10  Countrywide Defendants state as follows:

11  **JURISDICTION**

12      1.     This Action may be removed under 28 U.S.C. § 1452(a) because it is

13  "related to" pending Title 11 bankruptcy proceedings, and the Court therefore has

14  original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

15      2.     This Court is part of the "district and division" embracing the place

16  where this Action was filed—Los Angeles, California, in Los Angeles County,

17  California.  *See* 28 U.S.C. § 84(c); Fed. R. Bankr. Proc. 9027(a).

18  **PROCEDURAL HISTORY**

19      3.     On or about November 14, 2007, plaintiff David H. Luther filed a

20  complaint entitled *David H. Luther v. Countrywide Home Loans Servicing LP, et al.*

21  (the "Original Complaint") in the Superior Court of the State of California, County of

22  Los Angeles (the "Superior Court"), ostensibly on behalf of a class consisting of all

23  persons or entities who acquired Countrywide-issued residential mortgage-backed

24

---

25  [1] The Countrywide Defendants specially appear only for the purpose of removal,
26  subject to and without waiving any defenses and rights available to them, including
    without limitation all defenses with respect to personal jurisdiction and otherwise.

27  [2] Although former defendants Thomas Keith McLaughlin, Thomas H. Boone, Jeffrey
    P. Grogin and the 428 trust entity defendants have been dismissed from the Action,
    they still appear on the caption of the operative complaint; therefore, all such
28  defendants are included on the caption page of this Notice of Removal.

1  securities ("MBS") in nearly two hundred MBS offerings between 2004 and 2007,

2  which offerings are identified by plaintiff in Paragraph 14 of the Original Complaint.

3  The Original Complaint alleged that the offering documents filed with the Securities

4  and Exchange Commission ("SEC") in connection with those MBS contained

5  misstatements and omissions in violation of Sections 11, 12, and 15 of the Securities

6  Act of 1933 (the "1933 Act").  A copy of the Original Complaint, along with all

7  process, pleadings, and orders served on the Countrywide Defendants, is attached

8  hereto as Exhibit 1.[3]

9       4.      On December 14, 2007, the Countrywide Defendants removed the Action

10  to this Court pursuant to the Class Action Fairness Act ("CAFA").  This Court

11  remanded the case to the Superior Court, and that remand was affirmed by the Ninth

12  Circuit Court of Appeals.

13       5.      On September 9, 2008, plaintiff David Luther and several additional

14  plaintiffs filed an amended complaint.  On June 12, 2008, a similar case was filed by

15  Washington State Plumbing and Pipefitting Pension Trust Fund.  *Wash. State Plumbing*

16  *& Pipefitting Pension Trust Fund v. Countrywide Fin. Corp., et al.*, No. BC392571

17  (Cal. Sup. Ct. filed June 12, 2008).  On September 12, 2008, the two cases were

18  consolidated as one case under Case No. BC380698, and on October 16, 2008 the

19  plaintiffs from both proceedings along with plaintiff Maine State Retirement System

20  (together, "Plaintiffs") filed a consolidated complaint (the "Consolidated Complaint").

21  The Consolidated Complaint added claims related to additional Countrywide-issued

22  MBS, alleging violations of the 1933 Act in connection with a total of 428 separate

23  MBS offerings issued from 2004 through 2007, comprising thousands of separate

24  securities (*i.e.*, tranches).

25       6.      The Countrywide Defendants demurred to the Consolidated Complaint,

26  arguing that the Superior Court lacked jurisdiction over the case because it is a

27

28  [3] In addition, copies of other papers received by the Countrywide Defendants in this Action are attached hereto as Exhibit 5.

1    "covered class action" asserting solely 1933 Act claims subject to exclusive federal

2    jurisdiction.  After considering the demurrer, the Superior Court judge expressed

3    concern that the state court lacked jurisdiction, and on June 15, 2009 the Superior

4    Court stayed the Action and ordered the Plaintiffs to file an action in federal court.

5         7.      On August 24, 2009, the Plaintiffs filed a complaint for declaratory relief

6    before this Court, asking the Court to decide whether the Superior Court had

7    jurisdiction over the Action.  *See Luther v. Countrywide Fin. Corp.*, No. CV-09-06162-

8    MRP (JWJx) (C.D. Cal. filed Aug. 24, 2009).  On October 9, 2009, the Court

9    dismissed the declaratory relief action, holding that the Superior Court was capable of

10   making its own determination with respect to its jurisdiction over the Action.

11        8.      On January 6, 2010, the Superior Court granted the Countrywide

12   Defendants' demurrer and dismissed the Action in its entirety, holding that the

13   Securities Litigation Uniform Standards Act ("SLUSA") divested state courts of

14   concurrent jurisdiction over all covered class actions asserting solely 1933 Act claims.

15        9.      On January 14, 2010, plaintiff Maine State Retirement System (one of

16   the named plaintiffs in this Action), represented by the same law firms that represent

17   the Plaintiffs in this Action, filed a virtually identical action in the United States

18   District Court for the Central District of California that asserted the same 1933 Act

19   claims with respect to the same MBS offerings on behalf of the same putative class of

20   investors, invoking this Court's jurisdiction.  *See Me. State Ret. Sys. v. Countrywide

21   Fin. Corp.*, No. 2:10-CV-00302-MRP (MANx) ("*Maine State*").  The *Maine State*

22   action is currently pending before this Court.  On March 4, 2010, Plaintiffs also filed a

23   notice of appeal in the Action.  On May 18, 2011, the California Court of Appeal

24   reversed the Superior Court's decision.

25        10.     On April 2, 2010, all of the named plaintiffs in this Action except for

26   David Luther filed a motion with the federal district court pursuant to the Private

27   Securities Litigation Reform Act of 1995 seeking to be appointed as lead plaintiff (and

28   seeking their counsel to be appointed as lead counsel) in the *Maine State* action.  On

1   May 14, 2010 the Court denied that motion, appointing Iowa Public Employees'

2   Retirement System as lead plaintiffs and its counsel as lead counsel.

3         11.     Demurrers relating solely to issues of standing and timeliness, filed under

4   a bifurcated briefing schedule, are currently pending before the Superior Court.  Also

5   pending in the Superior Court is Defendants' motion to stay this Action pending the

6   resolution of *Maine State*.  The motion to stay is based on the fact that the *Maine State*

7   action, filed over two years ago by the same Plaintiffs and same lawyers as in this

8   Action, has moved forward while the appeals process was exhausted in respect of the

9   Superior Court's dismissal of this Action for lack of jurisdiction in January 2010.   No

10  hearings have yet been held on the demurrers or motion to stay.

11        12.     With the exception of providing the *Luther* Plaintiffs an electronic copy

12  of certain materials produced in *In re Countrywide Fin. Corp. Sec. Litig.*, No. 2:07-CV-

13  05295-MRP (MANx) (C.D. Cal.), no discovery has taken place.

14                          **TIMELINESS OF REMOVAL**

15        13.     On May 14, 2012, two originators of loans backing the MBS at issue in

16  this Action filed voluntary petitions for bankruptcy under Chapter 11 of the United

17  States Bankruptcy Code in the United States Bankruptcy Court for the Southern

18  District of New York.  As discussed in paragraphs 16-23, these bankruptcy filings gave

19  rise to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), providing a

20  basis for removal under 28 U.S.C. § 1452(a).

21        14.     The removal of this Action is timely under 28 U.S.C. § 1452(a).  *See,*

22  *e.g.*, *Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 449

23  (E.D. Pa. 2004) ("To superimpose the bright line 30 day removal deadline of § 1446(b)

24  would undermine the specific statutory scheme of § 1452.").[4]  Pursuant to Federal Rule

25

26  ───────────────
    [4] *Accord In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750,
27  756 (D. N.J. 1996) ("[t]he majority of courts have upheld the applicability of
    Bankruptcy Rule 9027 to Section 1452 and enforced a ninety day time limitation");
    *Textron Inv. Mgmt. Co., Inc. v. Struthers Thermo-Flood Corp.*, 169 B.R. 206, 210 (D.
28  Kan. 1994) (Rule 9027 governs timeliness under § 1452, not § 1446(b)); *GSL of Ill.,*
    *LLC v. Pitt Penn Oil Co., LLC*, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009)

of Bankruptcy Procedure 9027 ("Rule 9027"), a civil action that is "related to" a bankruptcy case and commenced before the bankruptcy case may be removed within 90 days of the initiation of the bankruptcy case. *See* Fed. R. Bankr. P. 9027(a)(2).[5] Because this Action was removed within 90 days of the initiation of the relevant bankruptcy cases, removal is timely under Rule 9027.

15.     In the alternative, removal of this Action is timely under 28 U.S.C. § 1446(b) because this Action was removed within 30 days of the initiation of the relevant bankruptcy cases. *See, e.g., Trustees of the Masonic Hall and Asylum Fund v. PricewaterhouseCoopers LLP*, 2009 WL 290543, at *7-8 (S.D.N.Y. Feb. 6, 2009) (defendant's removal of action was timely under § 1446(b) because action was removed within 30 days of defendant's discovery of third party bankruptcy filing, even though removal occurred more than a year after lawsuit was filed: "Under these circumstances it would make little sense to tie the petition for removal to the complaint rather than to the filing of the bankruptcy, or to the discovery of that filing by the defendant."); *cf. Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1249-50 (9th Cir. 2006) (removal pursuant to federal officer statute was timely because 30 day period under § 1446(b) did not start until defendant was on notice of particular grounds for removal asserted).  Because this Action was removed within 30 days of the initiation of the relevant bankruptcy cases, removal is timely under § 1446(b).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a) ("RELATED-TO" BANKRUPTCY JURISDICTION)

16.     Plaintiffs' allegations in this Action against the Countrywide Defendants concern MBS backed in part by mortgage loans originated by Residential Funding

---

(same); *Gilbert v. AGCO Corp.*, 2009 WL 3672071, at *1 (N.D.N.Y. Oct. 30, 2009) (same).

[5] Rule 9027(a)(2) permits removal within 90 days "after the order for relief in the case under the Code." "An order for relief is the date of the filing of a voluntary petition or the entry of an order granting an involuntary petition." *Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Marketing, L.L.C.*, 312 B.R. 139, 144 n.2 (S.D. Tex. 2002).

1   Company, LLC (a/k/a Residential Funding Corporation) and GMAC Mortgage, LLC
2   (a/k/a GMAC Mortgage Corporation) (together, the "ResCap Originators"), which
3   loans the Countrywide Defendants purchased and included in the mortgage loan pools
4   backing the MBS at issue.  Plaintiffs allege that misstatements were made regarding the
5   underwriting and characteristics of the mortgage loans backing the MBS purchased by
6   Plaintiffs, including the mortgage loans originated by the ResCap Originators that were
7   included in the pools.

8       17.    On May 14, 2012, the ResCap Originators filed voluntary petitions for
9   bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United
10  States Bankruptcy Court for the Southern District of New York.  *See In re Residential*
11  *Funding Company, LLC*, Case No. 12-12019 (Bankr. S.D.N.Y. filed May 14, 2012); *In*
12  *re GMAC Mortgage, LLC*, Case No. 12-12032 (Bankr. S.D.N.Y. filed May 14, 2012).

13      18.    The aggregate original principal amount of the loans purchased by the
14  Countrywide Defendants from the ResCap Originators that back the MBS at issue in
15  this Action is approximately $272,000,000.  Proofs of claim have been filed by, and on
16  behalf of, one or more of the Countrywide Defendants in the bankruptcy proceedings
17  of each of the ResCap Originators.  Copies of those proofs of claim are attached as
18  Exhibits 2-3 to this Notice of Removal.

19      19.    This Action relates to the ResCap Originators' bankruptcy proceedings
20  because certain of the Countrywide Defendants have claims against the ResCap
21  Originators for indemnification, contribution, and/or other obligations (the
22  "Indemnification Claims") relating to the loans from the ResCap Originators that back
23  the MBS that are the subject of Plaintiffs' allegations.[6]  These Indemnification Claims
24  are based on loan purchase and other agreements between certain Countrywide
25  Defendants and the ResCap Originators, as well as statutory and common law.  In

---

26
27  [6] Additionally, in accordance with the loan purchase and other agreements, certain of
    the Countrywide Defendants have claims against the ResCap Originators for the
    repurchase of mortgage loans that back the MBS that are the subject of Plaintiffs'
28  allegations (the "Repurchase Claims").

1    particular, the loan purchase and other agreements provide indemnification for the

2    benefit of those Countrywide Defendants for defense costs and any judgment or other

3    amounts paid in resolution of this Action, including but not limited to indemnification

4    arising out of any alleged misstatements or omissions concerning the mortgage loans

5    acquired from the ResCap Originators.

6        20.    Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of

7    action in a civil action . . . to the district court for the district where such civil action is

8    pending, if such district court has jurisdiction of such claim or cause of action under

9    section 1334 of this title."  In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this

10   Court of all civil proceedings that are "related to cases under title 11" of the U.S. Code

11   (*i.e.*, the Bankruptcy Code).  This Court has original jurisdiction over this Action

12   pursuant to 28 U.S.C. § 1334(b), and this Action may therefore be removed to this

13   Court by the Countrywide Defendants pursuant to 28 U.S.C. § 1452(a) because the

14   Action is "related to" the two pending Title 11 bankruptcy cases that are identified

15   above in paragraph 17.

16       21.    "Related to" bankruptcy jurisdiction does not require that any of the

17   parties to this case be in bankruptcy.  *E.g., Stichting Pensioenfonds ABP v.*

18   *Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) (in action by MBS

19   purchaser against seller, "related to" bankruptcy jurisdiction existed notwithstanding

20   fact that "all parties to this lawsuit are non-debtors"); *Lone Star Fund V (U.S.), L.P. v.*

21   *Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010) (in action by MBS purchaser

22   against seller, "related to" bankruptcy jurisdiction existed based on bankruptcy

23   proceeding of third-party debtor because indemnity obligations of third-party debtor to

24   seller were "sufficient to create a dispute that is 'related to' [third-party debtor's]

25   bankruptcy").

26       22.    Accordingly, this Action "relates to" the bankruptcy cases of the ResCap

27   Originators because it could conceivably affect the bankruptcy estates of the ResCap

28

Originators,[7] and it therefore may be removed pursuant to 28 U.S.C. § 1452(a).  *See, e.g., Lone Star Fund V*, 594 F.3d at 386 ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'") (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).

23.     Numerous courts have held that materially indistinguishable indemnification provisions confer "related to" bankruptcy jurisdiction in MBS litigation.  *Stichting Pensioenfonds ABP*, 447 B.R. at 309-11 ("related to" bankruptcy jurisdiction existed based on mortgage loan purchase agreements between Countrywide Home Loans, Inc. and American Home Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, No. 2:11-cv-07165-MRP (MANx), slip op. at 3 (C.D. Cal. Nov. 8, 2011) (same:  "This Court recently found, on identical facts, that the indemnification rights present in the same Purchase Agreements impact the AHM [*i.e.*, American Home Mortgage Corporation] bankruptcy estate and therefore provide the basis for federal jurisdiction."); *Fed. Housing Fin. Agency v. Countrywide Fin. Corp.*, No. 2:12-cv-01059-MRP (MANx), slip op. at 1 (C.D. Cal. Apr. 5, 2012) ("*FHFA*") (same:  "As in *Stichting*, the filing of this lawsuit triggered indemnification rights that will impact the bankruptcy estates.  The Court finds that bankruptcy related-to jurisdiction is appropriate."); *Lone Star Fund V*, 594 F.3d at 387 ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to indemnify MBS seller "in a variety of circumstances, including any breach of a representation about the mortgages . . . and any claims made against [the seller] by third parties"); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, 399 B.R. 119, 123

---

[7] Assuming, *arguendo*, that it were necessary for the Countrywide Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to those bankruptcies within the meaning of 28 U.S.C. § 1334(b) because the Countrywide Defendants' claims against the ResCap Originators directly affect the administration of the ResCap Originators' bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings.  *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914, 2011 U.S. Dist. LEXIS 91989, at *14-15 (S.D.N.Y. Aug. 17, 2011).

1   (E.D.N.Y. 2009) (in action by MBS purchaser against seller, "related to" bankruptcy

2   jurisdiction existed based on seller's indemnification claims in American Home

3   Mortgage Corporation bankruptcy); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup*

4   *Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-19 (E.D.N.Y. 2008) (same).

5            **SECTION 22(A) OF THE 1933 ACT DOES NOT BAR REMOVAL**

6       24.    Plaintiffs' claims under the 1933 Act do not render this Action non-

7   removable under the "removal bar" provision of Section 22(a) of the 1933 Act, 15

8   U.S.C. § 77v ("Section 22(a)"). Section 22(a) precludes the removal of actions only

9   under the general removal statute, 28 U.S.C. § 1441(a), and "does not prevent removal

10   based on other grounds." *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL

11   22025158, at *2 (C.D. Cal. June 30, 2003).

12       25.    Plaintiffs' claims are removable under 28 U.S.C. § 1452—which is not

13   subject to the removal bar of Section 22(a)—based on this Court's related-to

14   bankruptcy jurisdiction. *See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368

15   F.3d 86, 108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the

16   Securities Act of 1933 may be removed to federal court if they come within the

17   purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are

18   related to a bankruptcy case.").

19            **EQUITABLE CONSIDERATIONS SUPPORT REMOVAL**

20       26.    Equitable considerations further support the exercise of jurisdiction over

21   this Action. Those considerations, which focus on whether issues of federal law

22   predominate, show that a federal court is better positioned to resolve the issues in this

23   Action.

24       27.    This is a federal case at its core. The Consolidated Complaint asserts

25   exclusively federal claims under the 1933 Act, as have all predecessor complaints.

26   This Action is virtually identical to the *Maine State* case pending before this Court,

27   which involves the same 1933 Act claims against the same defendants on behalf of the

28   same putative class of investors with respect to the same 428 MBS offerings at issue in

1  this Action.  The equities weigh strongly in favor of exercising federal jurisdiction over

2  this Action so that it can be managed in a coordinated fashion with its clone, the mirror

3  image *Maine State* action.  The equities are particularly strong for retaining federal

4  jurisdiction over this Action not only because of the factual allegations and legal claims

5  are clones of those in *Maine State*, but because the named plaintiffs and plaintiffs'

6  counsel in this Action themselves filed *Maine State*, themselves invoked the

7  jurisdiction of the federal courts, and themselves sought to be lead plaintiffs in *Maine*

8  *State*, the action they filed that has moved forward in this Court over the past more than

9  two years.

10        28.     The Action also shares numerous common issues of fact and law with the

11  multitude of other MBS cases against the Countrywide Defendants that are pending

12  before this Court as part of the multidistrict litigation ("MDL") proceeding for cases

13  that concern Countrywide MBS.  In an order dated August 15, 2011, the Judicial Panel

14  on Multidistrict Litigation (the "JPML") centralized such cases for consolidated or

15  coordinated pre-trial proceedings before this Court.  *See In re Countrywide Mortgage-*

16  *backed Sec. Litig.*, MDL No. 2265 (the "Countrywide MDL").  There are currently 24

17  cases (both putative class actions and individual actions) that have been transferred to

18  the Countrywide MDL.  There would be great efficiency in coordinating this Action

19  with the substantially similar Countrywide MBS cases already pending in the

20  Countrywide MDL (including *Maine State*), which weighs heavily in favor of

21  exercising federal jurisdiction.

22        29.     This Court has reached the same conclusion in deciding to exercise

23  jurisdiction over MBS cases in the Countrywide MDL and denying motions to remand

24  such cases, including cases where the plaintiffs have brought both federal securities

25  claims and state law claims.  *See Stichting Pensioenfonds ABP*, 447 B.R. at 312 ("Most

26  significantly, this is a federal securities action at its core; a nearly identical action is

27  already proceeding here in this Court.  The issues in this lawsuit are complex and in

28  some respects novel, but they involve the application of federal law.  This Court is

10

1    intimately familiar with these issues because its docket includes a nearly identical case

2    [*Maine State*].  Both cases include allegations of violations of Sections 11, 12 and 15 of

3    the federal Securities Act of 1933 . . . .  By contrast, with respect to the state law claims,

4    there are no unsettled or difficult issues of state law that weigh in favor of remand.

5    Thus, this Court is better suited to resolve these issues than the Los Angeles County

6    Superior Court.") (citation omitted); *Dexia Holdings, Inc.*, slip op. at 4-5 ("Only three

7    of the nine causes of action in this case are brought under federal law, but those three

8    causes of action constitute the heart of the case.  Those claims raise complicated and

9    unsettled questions related to, *inter alia*, falsity, materiality, tolling, standing, and

10   statutes of repose and limitations.  The state law claims, by contrast, present no

11   unsettled or difficult legal issues that would militate in favor of remand.  The Court has

12   overseen cases relating to Countrywide for the past four years. . . . [T]his case would

13   benefit from coordination with the other Countrywide RMBS suits currently pending

14   before the Court."); *FHFA*, slip op. at 1 ("This case is on all fours with *Stichting* . . . .

15   The Court finds that bankruptcy related-to jurisdiction is appropriate, and equitable

16   remand inappropriate, for the same reasons set out in *Stichting*.").  Whereas each of

17   *Stichting*, *Dexia*, and *FHFA* involved both federal and state law claims, this Action

18   involves only federal claims; therefore, the reasons for exercising federal jurisdiction in

19   those cases *a fortiori* support the exercise of federal jurisdiction here.

20          30.     The very existence of the Countrywide MDL is largely the result of

21   Plaintiffs' tactical decision to file the *Maine State* action while simultaneously

22   appealing the dismissal of the Action in state court.  While Plaintiffs' appeal of the

23   dismissal of the Action in state court was pending, the Court in *Maine State* granted in

24   part two motions to dismiss, reducing the number of MBS at issue.[8]  As a result of the

---

25   [8] On November 4, 2010, the Court held, among other things, that (i) the *Maine State*

26   plaintiffs only had standing to sue with respect to the specific MBS offerings in which
     the *Maine State* plaintiffs actually had purchased; and (ii) the statute of limitations

27   would not be tolled on behalf of investors who purchased in MBS offerings other than
     those in which the named *Luther* plaintiffs had purchased.  *Me. State Ret. Sys. v.*

28   *Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1166-67 (C.D. Cal. 2010).  On May 5,
     2011, the Court further narrowed the case, holding that the plaintiffs had standing to

1   Court's rulings in *Maine State*, that case was reduced in size from more than 400 MBS

2   offerings to 8 tranches.  Following these decisions, numerous cases involving

3   Countrywide MBS were filed across the country, leading to the need for the formation

4   of the Countrywide MBS MDL.  In light of Plaintiffs' voluntary decision to invoke the

5   jurisdiction of the federal courts and file the *Maine State* action in the Central District

6   of California, Plaintiffs should not be heard to complain that a federal forum is

7   inappropriate for the resolution of their claims.

8   **PROCEDURAL REQUIREMENTS AND LOCAL RULES**

9   31.   The Countrywide Defendants state that the claims asserted against them

10   are non-core within the meaning of 28 U.S.C. § 157(b)(2).  As required by Rule

11   9027(a)(1), the Countrywide Defendants state that they do not consent to entry of final

12   order of judgment by any bankruptcy judge.

13   32.   Pursuant to Rule 9027(b) & (c), the Countrywide Defendants will serve a

14   copy of this Notice of Removal on counsel for all parties and will file a copy with the

15   Clerk of the Superior Court of California, County of Los Angeles.  Attached as Exhibit

16   4, is a Copy of a Notice of Filing of Notice of Removal (without exhibits), which will

17   be filed with the Clerk of the Superior Court of California, County of Los Angeles.

18   33.   Consent to removal is not required under the bankruptcy removal statute.

19   *See* 28 U.S.C. § 1452(a).  Nonetheless, all non-dismissed defendants named and/or

20   served in this Action consent to the removal of this Action.

21   34.   The Countrywide Defendants sign this Notice of Removal under Rule 11

22   of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of

23   Bankruptcy Procedure.

24   35.   The Countrywide Defendants reserve the right to submit additional

25   evidence and argument as needed to supplement this "short and plain statement" of the

26   grounds for removal.  Fed. R. Bankr. P. 9027(a).

27

28   sue only with respect to the specific tranches purchased by the plaintiffs.  *Me. State*
     *Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689 (C.D. Cal. May 5, 2011).

COUNTRYWIDE DEFENDANTS' NOTICE OF REMOVAL

1

## **CONCLUSION**

2          36.      This Court has original jurisdiction over this Action under 28 U.S.C.

3    § 1334(b), and this Action is removable under 28 U.S.C. § 1452(a).

4

5    Dated:  June 12, 2012                    Respectfully submitted,

6                                             GOODWIN PROCTER LLP

7                                             By: Lloyd Winawer /tem
                                              Lloyd Winawer (State Bar No. 157823)
8                                             Brian C. Devine (State Bar No. 222240)
                                              Teodora E. Manolova (State Bar No. 233333)
9

10                                            Attorneys for Defendants
                                              *Countrywide Financial Corporation,*
11                                            *Countrywide Home Loans, Inc.,*
                                              *CWALT, Inc., CWMBS, Inc., CWABS, Inc.,*
12                                            *CWHEQ, Inc., Countrywide Capital Markets,*
                                              *and Countrywide Securities Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28