UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et al., <br><br> Defendants. | No. 2:10-cv-00302-MRP(MANx) <br><br> CLASS ACTION <br><br> ~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et al., <br><br> Defendants. | No. 2:12-cv-05122-MRP(MANx) <br><br> CLASS ACTION |
| DAVID H. LUTHER, et al., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et al., <br><br> Defendants. | No. 2:12-cv-05125-MRP(MANx) <br><br> CLASS ACTION |

FILED
CLERK, U.S. DISTRICT COURT
DEC 17 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

This matter came before the Court for a hearing pursuant to the Order of this Court entered on August 7, 2013 (the "Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement"), executed as of July 9, 2013 and filed with the Court on that date. All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

The Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order. Due and adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in these Actions, including the objections filed in connection with the Settlement and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the subject matter of the Actions, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Actions and all Class Members.

2.  The Court hereby certifies, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class ("Class") defined as follows:

> all Persons that purchased or otherwise acquired the individual securities issued as part of the 429 Offerings collectively at issue in the Actions (the "Certificates") during the period March 12, 2004 through August 7, 2013 ("Class Period"). Excluded from the Class are: the Defendants; members of the Individual Defendants' immediate families; any entity in which any Underwriter Defendant has a majority interest; any entity in which any other Defendant has a majority or controlling interest; any person who was an officer, director, partner, or controlling person of any

- 1 -

Defendant during the Class Period; and the legal representatives, heirs, successors and assigns of any such excluded Person. Also excluded from the Class are those Persons listed on Exhibit 1 hereto who have submitted valid requests for exclusion from the Class in compliance with each of the requirements set forth in the Notice.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the following plaintiffs are appointed as the Class Representatives for the Class: Iowa Public Employees' Retirement System, David H. Luther, General Board of Pension and Health Benefits of the United Methodist Church, Maine State Retirement System, Mashreqbank, p.s.c., Operating Engineers Annuity Plan, Orange County Employees' Retirement System, Pension Trust Fund for Operating Engineers, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Vermont Pension Investment Committee, Washington State Plumbing and Pipefitting Pension Trust, and Western Conference of Teamsters Pension Trust Fund. The law firms of Cohen Milstein Sellers & Toll PLLC, Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP ("Plaintiffs' Counsel") have been and are appointed as counsel for the Class.

4. With respect to the Class, the Court finds, solely for the purposes of settlement, that:

(a) the members of the Class are so numerous that joinder of all Class Members in the Actions is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by Class Representatives are typical of the claims of the Class;

(d) Class Representatives and their counsel have and will fairly and adequately represent and protect the interests of Class Members;

(e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. The Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order:

(a) constituted the best practicable notice to Class Members under the circumstances of the Actions;

(b) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of the Actions; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Actions, whether favorable or unfavorable, on all Class Members who are not excluded from the Class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

6. In response to the Notice directed to potential Class Members, three (3) objections to the Settlement were filed (the "Objections") (Dkt. Nos. 482, 485, 524 in Case No. 2:10-cv-00302; Dkt. Nos. 204, 223 in Case No. 2:12-cv-05122; Dkt. Nos. 227, 274 in Case No. 2:12-cv-05125). After considering the Objections with respect to the Settlement, the Court hereby overrules the Objections and finds that the Settlement is fair, adequate and reasonable.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the proposed Settlement should be finally approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) it falls within a range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; (iv) it does not improperly grant preferential treatment to the named Plaintiffs, or segments of the Class; and (v) the Objections are without merit and overruled. The Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

8. The Actions and all Settled Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Final Judgment and Order of Dismissal with Prejudice ("Final Judgment").

9. In accordance with Paragraph 1(qq) of the Settlement Agreement, for purposes of this Final Judgment the term "Released Parties" shall mean:

(i) any and all of the following persons and entities: (1) the Defendants; (2) each and every person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (3) any other Person that is or was an issuer, depositor, sponsor, underwriter, seller, or servicer of any one or more of the Offerings or the Certificates comprising them, or that otherwise is or was involved in any way in the creation, underwriting, issuance, structuring, rating, marketing, sale, servicing, or

collateralization of, or in any other way with, any one or more of the Offerings or the Certificates comprising them;

(ii) with respect to each of the Persons in subsection (i) of this paragraph, their respective past or present directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, affiliates, subsidiaries, parents, any other entity in which any such parent entity has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, Immediate Family, executors or administrators; and

(iii) the legal representatives, predecessors, successors and assigns of any of the foregoing.

10. In accordance with Paragraph 1(rr) of the Settlement Agreement, for purposes of this Final Judgment the term "Settled Claims" shall mean, to the fullest extent permitted by law or equity, any and all claims, debts, rights, demands, disputes, matters, actions and causes of action of any kind concerning, arising out of, based upon, or relating in any way to any of the Offerings or any one or more of the tranches comprising such Offerings (including the Certificates), including but not limited to all claims, debts, rights, demands, disputes, matters, actions and causes of action concerning, arising out of, based upon, or relating in any way to any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged or could have been alleged in the Actions or in any other actions (including but not limited to the putative class action captioned *Putnam Bank v. Countrywide Financial Corp., et al.*, No. 2:11-cv-04698-MRP-MAN (C.D. Cal.)), or could in the future be alleged, whether such claims, debts, rights, demands, disputes, matters, actions, or causes of action are known or Unknown Claims, direct, derivative, indirect or otherwise, whether under federal, state, local, foreign, or other law, whether based on statutory or common law, or any other law, rule or regulation, or whether arising under contract, trust indenture, other trust agreement or document,

or any other document or otherwise, including but not limited to claims for successor liability, for damages, rescission, or any other remedy or relief whatsoever, as against any and all Released Parties; provided, however, that Settled Claims do not include any and all individual, class, or derivative claims that have been asserted against Bank New York Mellon in complaints filed in *Retirement Bd. of the Policemen's Ann. & Benefit Fund of the City of Chicago v. The Bank of New York Mellon*, No. 1:11-cv-05459-WHP (S.D.N.Y.) (including, but not limited to, claims asserted against Bank New York Mellon in any amended complaint in that action permitted as a result of the currently pending motion filed July 3, 2013 under Federal Rules of Civil Procedure 15(a) and 62.1 in that action, or that certain appeal currently pending in the Second Circuit, *Retirement Bd. of the Policemen's Ann. & Benefit Fund of the City of Chicago v. The Bank of New York Mellon*, Nos. 13-1776, 13-1777 (2d Cir.)), and provided further that Settled Claims shall not include claims to enforce the Settlement or any benefits to which any Plaintiff or other member of the Class may become entitled, upon final court approval of that certain settlement agreement dated June 28, 2011 (or any amended agreement), among (i) The Bank of New York Mellon in its capacity as trustee or indenture trustee for certain trusts formed in connection with the offering of MBS issued by subsidiaries of Countrywide Financial Corporation, and (ii) Bank of America Corporation, Bank of America Corporation Home Loans Servicing, L.P., Countrywide Financial Corporation, and Countrywide Home Loans, Inc. ("the BNYM Settlement"). Notwithstanding the foregoing, if the BNYM Settlement does not receive final court approval as currently agreed, Plaintiffs and the Class shall retain all contractual rights they may have in regard to certificates included in the BNYM Settlement under the pooling and servicing agreements pursuant to which they purchased those certificates, including but not limited to the right, if any, to participate in any other settlement reached, action taken, or recovery obtained in regard to such certificates by the trustee of the MBS trusts at issue in the BNYM Settlement.

11. In accordance with Paragraph 1(ss) of the Settlement Agreement, for purposes of this Final Judgment the term "Settled Defendants' Claims" shall mean: any and all claims, rights, demands, and causes of action or liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, including both known and Unknown Claims, which were, could have been, or could be asserted in any forum by the Defendants or any of them against Plaintiffs or Plaintiffs' Counsel, whether under United States federal, state, local, statutory, or common law, or any other law, rule, or regulation, based upon, arising out of or relating to, directly or indirectly, the initiation, prosecution or settlement of any and all of the Actions; ***provided, however***, that "Settled Defendants' Claims" shall not include claims to enforce the Settlement.

12. In accordance with Paragraph 1(aaa) of the Settlement Agreement, for purposes of this Final Judgment the term "Unknown Claims" shall mean: any and all Settled Claims that Plaintiffs (or any of them) or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Defendants' Claims that any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected such party's decision not to object to this Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of this Final Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, and of any U.S. federal or state law, or principle of common law or otherwise, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the

release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and other Class Members or certain of them and Defendants and other Released Parties may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims, but Plaintiffs and the Class Members, and each of them, upon the Effective Date, by operation of this Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, and the Released Parties, upon the Effective Date, by operation of this Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants each acknowledge, and the Class Members and Released Parties shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement.

13. Plaintiffs and each and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors and assigns: (i) shall be deemed to have, and by

operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, waived, settled, and discharged all Settled Claims against each and every one of the Released Parties, regardless of whether or not such Class Member executes and delivers a Proof of Claim; and (ii) shall be deemed to be, and by operation of this Final Judgment shall be, forever barred and enjoined from instituting, instigating, prosecuting, participating in, continuing, maintaining, pursuing, encouraging, or asserting any Settled Claim against any of the Released Parties, or assisting any Person in instituting, instigating, prosecuting, participating in, continuing, maintaining, pursuing, encouraging, or asserting any Settled Claim, against any of the Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, and regardless of whether or not such Class Member executes and delivers a Proof of Claim.

14. Subject to Paragraph 10 above, Plaintiffs on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors and assigns, shall be deemed to be, and by operation of this Final Judgment shall be, forever barred and enjoined from:

(i) taking any action that is likely or intended to, or reasonably could be expected to, (1) lead to a repurchase, put-back, documentation, servicing, or other claim against any of the Released Parties in respect of any mortgage loan underlying the Certificates or (2) interfere with or object to any settlement agreement or other agreements, proceedings, or discussions relating to the Certificates between or among any of the Released Parties, any holders of Certificates, and/or any trustee for any trusts associated with such Certificates, including without limitation the BNYM Settlement; or (ii) using or exercising in a manner adverse to the Released Parties or their affiliates any rights to make any direction, or any voting, control, or consent rights, that they may hold in respect of the Certificates, or joining or aggregating such rights with others in a manner adverse to any of the Released Parties.

15. Each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Members, Plaintiffs, and Plaintiffs' Counsel from all Settled Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, or settlement of the Actions or the Settled Claims.

16. The named Plaintiffs shall not encourage, instigate or solicit any other Person to assert claims against the Released Parties, in any judicial or administrative forum or otherwise, arising out of, based upon, or related to statements made or allegedly omitted from any written or other communications made or alleged to have been made in connection with the offering, purchase or sale of mortgage-backed securities issued by the Countrywide Defendants.

17. All persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Settled Claims on behalf of those who are bound by this Final Judgment. Upon entry of this Final Judgment, Defendants will retain the right to assert as to any Class Member that has validly excluded itself, himself or herself from the Class any and all defenses Defendants may have to any claims that any such Class Member may seek to assert against Defendants, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose, are otherwise subject to dismissal, or otherwise lack merit, pursuant to the rulings previously issued by this Court, by any other court, or otherwise.

18. Neither the Settlement Agreement nor the terms of the Settlement Agreement, whether or not consummated and whether or not terminated, shall be offered or received into any action or proceeding for any purpose, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Final Judgment, (ii) in any action or proceeding where the releases provided pursuant

to the Settlement Agreement may serve as a bar to recovery, and (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Actions.

19. This Final Judgment, the Settlement Agreement, whether or not consummated and whether or not terminated, any of their respective provisions, any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement:

(i) shall not be offered or received against the Plaintiffs or any of the Released Parties as evidence of a presumption, concession, or admission of any kind;

(ii) shall not be offered or received against any of the Released Parties as evidence of an admission by any of those Released Parties with respect to the truth of any fact, including without limitation any fact alleged in any of the Actions, or that could have been alleged in any of the Actions, or the validity of any Settled Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(iii) shall not be offered or received against the Released Parties as evidence of any fault, misrepresentation, omission or other actionable conduct of any kind with respect to any statement or written document approved or made by any of the Released Parties;

(iv) shall not be offered or received against the Released Parties as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Settlement Agreement or this Final Judgment;

   (v) shall not be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

   (vi) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Actions would not have exceeded the Settlement Amount; and

   (vii) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in the Actions.

Any Party may file this Settlement Agreement and/or this Final Judgment in any action that may be brought to enforce the terms of this Settlement Agreement and/or this Final Judgment, or any action related to rights or claims of any Defendant relating to indemnification and/or advancement in connection with the Actions.

 20. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Actions; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

 21. Any order regarding the Plan of Allocation of the Net Settlement Fund submitted by Plaintiffs' Counsel or any order regarding the Fee and Expense Award, or any appeal, modification or change thereof, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

22. This Court finds that Plaintiffs Iowa Public Employees' Retirement System, David H. Luther, General Board of Pension and Health Benefits of the United Methodist Church, Maine State Retirement System, Mashreqbank, p.s.c., Operating Engineers Annuity Plan, Orange County Employees' Retirement System, Pension Trust Fund for Operating Engineers, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Vermont Pension Investment Committee, Washington State Plumbing and Pipefitting Pension Trust, and Western Conference of Teamsters Pension Trust Fund, and Plaintiffs' Counsel adequately represented the Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of the Actions.

23. This Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Actions.

24. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

25. This Final Judgment shall not be considered or used as a presumption, concession or admission by or against Defendants of any fault, wrongdoing, breach or liability.

26. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of Paragraph 35 of the Settlement Agreement,

are not materially inconsistent with this Final Judgment and do not materially limit the rights of Class Members under the Settlement Agreement.

27. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

28. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

SO ORDERED this __17__ day of __December__, 2013.

_____
THE HONORABLE MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE